IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SSP PROPERTIES I LLC, a Delaware limited liability company and SSP PROPERTIES II, LLC, a Delaware limited liability company, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. CIV-04-1060-L |
| E&M OIL COMPANY, INC., an Oklahoma corporation, ) ) ) ) | |
| Defendant. ) | |

## **O R D E R**

In this action, the parties sought declaratory judgment regarding the terms of commercial lease agreements covering three Oklahoma properties. At issue was whether the renewal rental rate should be calculated based on the unimproved land only or whether the value of improvements should be factored into the equation. On May 25, 2005, the court issued an Order declaring that "the leases provide that the renewal rental rate must be determined based on the premises as they exist on the date of renewal, that is the land and all improvements thereto." Order at 5 (W.D. Okla. May 25, 2005).

This matter is before the court on defendant's motion for attorney's fees. Defendant contends that it is entitled to an award of fees pursuant to the leases, which provide "[i]f suit is brought to enforce any covenant or for the breach of any covenant or condition herein contained, the parties hereto agree that the losing party

shall pay to the prevailing party a reasonable attorneys' fee, which shall be fixed by the court, and court costs." Exhibit 3 to Motion of Defendant, E&M Oil Company, Inc. for Attorneys Fees at ¶ 18. As the court's interpretation of the leases coincided with defendant's position, it is the prevailing party in this action.

Under Oklahoma law, "[t]he terms of the parties' contract, if unambiguous, clear, and consistent, are accepted in their plain and ordinary sense, and the contract will be enforced to carry out the intention of the parties as it existed at the time the contract was negotiated." Dodson v. St. Paul Ins. Co., 812 P.2d 372, 376 (Okla. 1991). In this case, the parties' contracts permit fee shifting only if the lawsuit was brought "to enforce . . . or for the breach of any covenant" contained in the leases. With respect to attorney's fee, Oklahoma follows the American Rule; that is, fees are not recoverable absent a specific statutory or contractual provision allowing for their recovery. Tibbets v. Sight 'n Sound Appliance Centers, Inc., 77 P.3d 1042, 1052 n.13 (Okla. 2003). Exceptions to the rule are "narrowly defined" and "carved out with great caution". Id. (citations omitted).

Consistent with Oklahoma's rules regarding contract interpretation and its adherence to the American Rule, the court finds defendant is not entitled to fees. This was not an action brought "to enforce . . . or for the breach of any covenant" contained in the leases; rather, it was an action seeking declaratory judgment as to certain lease terms. The parties' attorney's fees provision was narrowly crafted and does not permit an award of fees under the circumstances presented by this case.

The Motion of Defendant, E&M Oil Company, Inc. for Attorneys Fees (Doc. No. 18) is therefore DENIED.

It is so ordered this 31st day of October, 2005.

_Tim Leonard_
TIM LEONARD
United States District Judge